Opinion

per curiam:

This case comes before the court on plaintiff’s motion for adjournment, filed June 5, 1958, defendant’s response thereto and motion for dismissal, filed' June 5, 1958, and the report of Commissioner Eichard H. Akers, filed June 23,1958, recommending denial of plaintiff’s, motion for adjournment and the dismissal of plaintiff’s petition for its failure to prosecute its claim or to comply with an order of the trial commissioner (Eule 49 (b) (2)). Plaintiff’s statement with respect to the report by the trial commissioner was filed July 11,1958.
Upon the basis of said report and recommendation, which are adopted by the court and set forth below, plaintiff’s, motion for adjournment is denied and defendant’s motion to dismiss is granted. Plaintiff’s petition will be dismissed.
It is so ordered.
REPORT OK COMMISSIONER
On March 10, 1958, after consultation with counsel for the respective parties, I fixed the trial of the above-entitled1 case to begin in Miami, Florida, at 10 a. m. on April 1,. 1958. At the time I fixed the date for this trial, I fixed a trial session to begin in Jacksonville, Florida, on March 31,« 1958, in a congressional reference case where thirteen tax claimants located at various points in Florida were involved and a further trial session in the same case to begin in Miami, Florida, on April 4, 1958. In view of the number of claimants located in or near Jacksonville, I allowed two' days for that session and gave to the parties the privilege of asking for a trial session at some point between Jacksonville and Miami in the event it developed that a session at. some intervening point was desirable from the standpoint of the location of the witnesses. However, I completed the trial session in Jacksonville in one day and left that area the following morning, April 1.
It was decided at Jacksonville not to hold a trial session at a point between Jacksonville and Miami. I arrived hi *916 Miami on the morning of April 3. When I called my home ■on'the night of April 3,1 was advised that counsel for plaintiff had been trying to get''in touch with me for the purpose of asking for a six months’ continuance of the trial .and that he had already returned or was on his way to Washington from Miami. On April 4, 1958, when I came to the courtroom for the trial of the other case, I was furnished with a copy of a motion for adjournment which had been received by the United States Attorney at Miami on April 2 for the purpose of delivery to me, the first paragraph of which read as follows:
Plaintiff moves for an adjournment of the trial set for April 7, 1958, to a date at least six months from the filing of this Motion to allow sufficient time for prejudice engendered by Government investigators to subside and further to admonish Government investigators to acquaint themselves with the realities which comprise an employer-employee relationship and to desist from misinforming prospective witnesses as to alleged dire consequences to their rights should plaintiff prevail in this case.
Upon further inquiry from my own office after I returned to Washington and from counsel for defendant and from ■documentary evidence which was filed in connection with the motion for adjournment, what happened in connection with the filing of the motion was somewhat as follows:
When, for reasons hereinafter stated, counsel for plaintiff determined to request the adjournment and apparently at the same time also determined that in no event would he proceed with the trial on the date fixed, he undertook to reach me in Jacksonville on April 1, but at that time I had already left and he was unable to get in touch with me. On that day he wrote me a letter, copy of which he sent to me in care of the United States Attorney in Miami, in which he stated that it was impossible to obtain impartial witnesses at that time and it was his intention to depart from Miami that night or the following day as he felt there was no purpose in remaining there for the trial of the case. He filed a copy of the motion for adjournment in my office at the Court of Claims at 3:30 p. m. on Friday, April 4, *917 1958. Apparently at that time he had already returned to Washington.
On April 4, 1958, after I concluded the trial session in the congressional reference case, counsel for defendant in that case (who was likewise counsel for defendant in the instant case) asked that, in view of the charges made by counsel for plaintiff in his motion for adjournment, he be allowed to call certain witnesses to explain what the Government investigators had done in connection with the matter complained of by counsel for plaintiff. Counsel for defendant stated that counsel for plaintiff had called him from New Orleans, Louisiana, on the morning of April 3 and had discussed with him the motion for adjournment. Counsel for defendant stated further that he advised counsel for plaintiff at that time he was going to oppose the motion for adjournment, that he had made some investigation of the charges, and that he had been unable to substantiate the accusations. He further stated that he told plaintiff’s counsel he proposed to make a formal record of the matter before me at the conclusion of the trial in the other case on April 4 and that counsel for plaintiff replied he had no objection to this procedure but would not be present for it.
This suit involves a social security tax in which the plaintiff is contending that certain individuals were independent contractors rather than its employees. At the hearing before me on April 4, 1958, counsel for defendant stated that after the date of April 7, 1958, was fixed for the trial he, on March 21, 1958, wrote a letter to the chief counsel of the Internal Revenue Service (copy of which was made a part of the record) in which he asked that additional statements be secured from employees of the plaintiff who were performing work of the type involved in this suit and whom the plaintiff was contending were not employees but were independent contractors. At that time statements had already been secured from two of the plaintiff’s employees by making use of U.S. Treasury Department form SS-8, which is a form entitled—
Information for use in obtaining ruling from the Internal Revenue Service as to whether or not a worker *918 is an employee for purposes of Federal employment taxes, including income tax withholding on wages.
Form SS-8 is a form which the Treasury Department requests employees to fill out in order that the Treasury Department may make a determination whether an employer-employee relationship exists in cases where the employer is claiming that its employees are independent contractors not subject to the social security tax, which was in substance the issue involved in this suit.
Upon receipt by a revenue agent in Miami of counsel for defendant’s letter on March 27, 1958, the revenue agent first obtained the names and addresses from the plaintiff of some of its employees. When the revenue agent was unsuccessful in getting in touch with these employees in person on that day and in view of the limited time within which he had to secure the information, he communicated with each of them by telephone on that day or the following day and advised them that he was sending to them the questionnaires which had been partially filled out. He asked them to look over the portion of the questionnaire which he had filled out, make any change therein which the facts justified, and return the completed form to him. He explained to each of them the basis of the claims filed by plaintiff which were involved in this suit, as he understood them, and, among other things, stated that their social security coverage, as employees, was involved. With the exception of one of the individuals, all stated that this suit by plaintiff was an entirely new matter to them. The revenue agent transmitted the questionnaires to these employees with a letter dated March 28, 1958, which covered all or some of the matters explained to them over the telephone and concluded with two paragraphs reading as follows:
Your signed questionnaire is to be used by the Government as a basis to determine whether you should be classified as an employee and covered as such for social security and workman’s compensation by your employer. The Rowell-Southern Flooring Inc., wants to classify you as an independent contractor in order that they won’t have to pay their share of these taxes.
Since this matter is of vital importance to you and your family, I would appreciate your early reply. In. *919 the event you wish to contact me over the weekend, my home phone is PL 8-5767.
The revenue agent stated that he used the wording in these paragraphs in order to secure immediate compliance of the employees with his requests since he needed the signed questionnaires not later than April 1, and to bring to their attention what he understood to be the issue in the case, namely, whether they were to be considered employees of the plaintiff or independent contractors under the social security act. Three or four of the employees completed the •statements after making minor corrections in the answers prepared by the revenue agent and returned them promptly to him. Two of them were made a part of the record at the hearing before me on April 4, 1958. They do not differ materially from the two statements which had been secured in 1956 from two other employees.
In view of the foregoing, plaintiff’s motion for an adjournment of at least six months of the trial fixed to begin in Miami on April 7, 1958, is denied, and a recommendation made to the court that the defendant’s motion to dismiss the plaintiff’s petition under Rule 49 (b) (2) “For failure of the plaintiff to prosecute or to comply with * * * [an] order * * * of the Commissioner” be granted.
In the first place, while it appears counsel for plaintiff made a diligent effort on April 1 to reach me for the purpose of requesting an adjournment of the type asked for in his motion and was unable to do so because I was en route from Jacksonville to Miami, apparently he resolved, when the circumstances arose of which he now complains, that he would not go forward with the trial at the time fixed by me on April 7. No effort was made by him to secure action on his motion by the court or another commissioner when he was unable to reach me. In fact, the motion was not filed with the court until the afternoon of Friday, April 4, at which time he apparently had already returned to Washington. The trial was fixed for the following Monday in Miami. He stated in a letter to me on April 1 that he was returning to Washington “without further delay”’ in order “to avoid further expense” when he was aware that *920 both, counsel for defendant and I would be in Miami (where he then was) two or three days later at most, when a determination could have been had as to whether there should be a continuance or whether we should proceed as scheduled. In view of this disregard of the order fixing the date for the trial, it is recommended that the case be dismissed.
In the second place, I am not convinced that sufficient justification was shown for an adjournment. It may well be that the revenue agent was a bit overzealous in acquainting these employees of plaintiff with the issue involved in the suit and the consequences to them of a decision favorable to the plaintiff, but no gross misstatement by him has been established and at the hearing before me he categorically denied some of the accusations set out in the plaintiff’s motion. Here again it would have been helpful, as all of the parties were in Miami, if counsel for plaintiff had remained there until after a hearing could be had on the motion. The most that can be said for the matter complained of by counsel for plaintiff is that since these employees had been told that a decision favorable to plaintiff would be adverse to their interests, counsel for plaintiff was convinced he could not secure impartial and unprejudiced testimony from them. Taking this position, counsel for plaintiff seems to be saying little more than that these employees might be hostile witnesses. That, of course, would be a matter to be developed in the course of their testimony and in the event it did appear it would go to the weight of their testimony. Surely from four or five employees it should be possible to develop the facts even though all were hostile and imbued with a sense of the manner in which they might be affected adversely by a decision in the case. It would be just as logical to say that the officers of the plaintiff should not be called as witnesses because of the interest they have in the outcome of the suit. Finally, it is difficult to see how a continuance of six months or even longer would make an appreciable change in the situation.
In view of the foregoing, the motion for continuance is denied and a recommendation made to the court that the petition be dismissed.